## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Jennifer Mikenas,<br>Plaintiff,<br><br>v.<br><br>Leading Edge Recovery Solutions, LLC,<br>John Doe 1, aka "Sean Robertson,"<br>Jane Doe 2, aka "April Burke," and<br>John Doe 3, aka "Cody Marshont,"<br>Defendants. | **COMPLAINT AND<br>DEMAND FOR A JURY TRIAL** |

### INTRODUCTION

1.      This is an action for damages brought by Jennifer Mikenas against Leading Edge Recovery Solutions, LLC, and its employees, for their repeated violations of the Fair Debt Collection Practices Act ("FDCPA") and invasions of her privacy in an attempt to collect an alleged debt.

### JURISDICTION

2.      Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. §§ 1331 and 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

3.      Venue in this district is proper because the relevant acts and transactions occurred within Minnesota, Plaintiff resides within Minnesota and Defendants transact business within Minnesota.

### PARTIES

4.      Plaintiff, Jennifer Mikenas, is a natural person who resides in the City of

Wayzata, County of Hennepin, and State of Minnesota. She is a "consumer" or a "person" affected by a violation of the FDCPA, as those terms are defined by 15 U.S.C. §§ 1692a(3) and 1692k.

5.      Defendant, Leading Edge Recovery Solutions, LLC, ("Defendant Leading Edge") is an Illinois limited liability company engaged in the business of collecting debts in Minnesota. Defendant Leading Edge's principal place of business is located at 5440 N. Cumberland Avenue, Suite 300, Chicago, Illinois 60656. Defendant Leading Edge is a "debt collector" as that term is defined under 15 U.S.C. 1692(a)(6).

6.      Defendant, John Doe 1, also known as "Sean Robertson," ("Defendant Robertson") is a natural person employed by Defendant Leading Edge as a debt collector at all times relevant to this Complaint. Defendant Robertson is a "debt collector" as that term is defined by 15 U.S.C. 1692a(6).

7.      Defendant, Jane Doe 2, also known as "April Burke," ("Defendant Burke") is a natural person employed by Defendant Leading Edge as a debt collector at all times relevant to this Complaint. Defendant Burke is a "debt collector" as that term is defined by 15 U.S.C. 1692a(6).

8.      Defendant, John Doe 3, also known as "Cody Marshont," ("Defendant Marshont") is a natural person employed by Defendant Leading Edge as a debt collector at all times relevant to this Complaint. Defendant Marshont is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

**FACTS**

9.      Sometime prior to May 2011, Plaintiff allegedly incurred a financial

obligation, namely a credit card account with Bank of America ("the debt"). The debt was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

10.    Upon information and belief, on or around May 2011, the debt was cosigned, placed or otherwise transferred to Defendant Leading Edge for collection.

11.    On May 11, 2011, Defendant Marshont called Plaintiff's cell phone and left the following message:

> "Jennifer, contact Cody Marshont today at 866-577-8405 at extentsion 3196."

12.    On June 7, 2011, at 8:21 a.m., Defendant Robertson called Plaintiff's cell phone and left the following message:

> "This message is for Jennifer Klingenberg. This is Shawn Robertson. I have an important matter I need to discuss with you. If you could please contact me. My office is 866-577-8405. My direct extension is 3209. Thank you."

13.    On June 17, 2011, Defendant Burke called Plaintiff's cell phone and left the following message:

> "This message is for Jennifer Klingenberg. My name is April Burke. Please call me back at 866-577-8405. My extension here is 3161. Thank you."

14.    On June 22, 2011, at 8:09 a.m., Defendant Robertson called Plaintiff's cell phone and left the following message:

> "This message is for Jennifer. Jennifer this is Shawn Robertson. I've been trying to contact you for sometime now. I have an important matter in my office I need to speak to you about. I don't think that you're fully aware of the situation that you're actually in. If you could, please contact me by 5:00 p.m. eastern time today. My number is 866-577-8405. Direct extension is 3209."

3

15.     On June 29, 2011, Defendant Robertson called Plaintiff's cell phone and left the following message:

> "Jennifer, this is Shawn Robertson. I spoke to you the other day. I'm just calling to get an update. I need to here something by 4:00 p.m. eastern time today. My number is 866-577-8405. Direct extension is 3209. Thank you."

16.     On July 6, 2011, Defendant Robertson called Plaintiff's cell phone and left the following message:

> "Ah, this message is for Jennifer. This is Sean Robertson. And I talked to you last week and I am just calling to get some sort of follow-up on this matter. Please call me at 866-577-8405. Direct extension is 3209."

17.     On July 7, 2011, Defendant Robertson called Plaintiff's cell phone and left the following message:

> "Hi Jennifer. This is Sean Robertson. Please contact me at 866-577-8405. Direct extension is 3209. This is in regard to the discussion we had last week. Thank you."

18.     On July 13, 2011, Defendant Robertson called Plaintiffs' cell phone and left the following message:

> "Hi Jennifer, this is Shawn Robertson. I need you to contact me at 866-577-8405. My direct extension is 3209. This is in regard to the conversation we had a couple of weeks ago. I don't have much more time to ah to keep this going for you. I'll be in my office until 5:00 p.m. Eastern time today. Thank you."

19.     On July 26, 2011, at 1:35 p.m., Defendant Robertson called Plaintiff's cell phone and left the following message:

> "This message is for Jennifer. Jennifer, this Sean Robertson. I spoke to you last month. I need you to contact me at 866-577-8405. My direct extension is 3209. Thank you."

**RESPONDEAT SUPERIOR**

20.     The acts and omissions of these individual Defendants, and the other debt collectors employed as agents by Defendant Leading Edge, were committed within the time and space limits of their agency relationship with their principal, Defendant Leading Edge.

21.     The acts and omissions of Defendants Robertson, Burke and Marshont, and other debt collectors employed by Defendant Leading Edge, were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant Leading Edge in collecting consumer debts.

22.     By committing these acts and omissions against Plaintiff, these individual Defendants and these other debt collectors were motivated to benefit their principals, Defendant Leading Edge.

23.     Defendant Leading Edge is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but not limited to violations of the FDCPA and Minnesota tort law, in their attempts to collect this debt from Plaintiff.

**DAMAGES**

24.     As a result of Defendants' repeated violations of the FDCPA, Plaintiff has suffered actual damages in the form of emotional distress, anger, anxiety, fear, frustration, humiliation, embarrassment, among other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy.

5

## CAUSES OF ACTION
## Violations of the Fair Debt Collections Practices Act
## 15 U.S.C. § 1692

25.     Plaintiff repeats and incorporate by reference paragraphs 1 - 21.

26.     Defendants violated the FDCPA, 15 U.S.C. § 1692, in their attempts to collect the debt from Plaintiff. Defendants' violations include, but are not limited to, the violations described in Paragraphs 27 – 37 of this Complaint.

27.     Defendant Leading Edge violated 15 U.S.C. § 1692g(a) by failing to send Plaintiff a written notice containing the information required by 15 U.S.C. § 1692g(a) within five days after Defendant Leading Edge's initial communication with Plaintiff.

28.     Defendants violated 15 U.S.C. §§ 1692d and 1692d(5) by causing Plaintiff's phone to ring and engaging him in telephone conversation repeatedly with the intent to annoy, abuse, or harass Plaintiff.

29.     Defendant Marshont violated 15 U.S.C. §§ 1692d, 1692d(6), 1692e and 1692e(11) by leaving a message on Plaintiff's voicemail on May 11, 2011, that did not meaningfully disclose his identity and failed to disclose that the message was from a debt collector.

30.     Defendant Robertson violated 15 U.S.C. §§ 1692d, 1692d(6), 1692e and 1692e(11) by leaving a message on Plaintiff's voicemail on June 7, 2011, that did not meaningfully disclose his identity and failed to disclose that the message was from a debt collector.

31.     Defendant Burke violated 15 U.S.C. §§ 1692d, 1692d(6), 1692e and 1692e(11) by leaving a message on Plaintiff's voicemail on June 17, 2011, that did not

meaningfully disclose her identity and failed to disclose that the message was from a debt collector.

32.     Defendant Robertson violated 15 U.S.C. §§ 1692d, 1692d(6), 1692e and 1692e(11) by leaving a message on Plaintiff's voicemail on June 22, 2011, that did not meaningfully disclose his identity and failed to disclose that the message was from a debt collector.

33.     Defendant Robertson violated 15 U.S.C. §§ 1692d, 1692d(6), 1692e and 1692e(11) by leaving a message on Plaintiff's voicemail on June 29, 2011, that did not meaningfully disclose his identity and failed to disclose that the message was from a debt collector.

34.     Defendant Robertson violated 15 U.S.C. §§ 1692d, 1692d(6), 1692e and 1692e(11) by leaving a message on Plaintiff's voicemail on July 6, 2011, that did not meaningfully disclose his identity and failed to disclose that the message was from a debt collector.

35.     Defendant Robertson violated 15 U.S.C. §§ 1692d, 1692d(6), 1692e and 1692e(11) by leaving a message on Plaintiff's voicemail on July 7, 2011, that did not meaningfully disclose his identity and failed to disclose that the message was from a debt collector.

36.     Defendant Robertson violated 15 U.S.C. §§ 1692d, 1692d(6), 1692e and 1692e(11) by leaving a message on Plaintiff's voicemail on July 13, 2011, that did not meaningfully disclose his identity and failed to disclose that the message was from a debt collector.

37.     Defendant Robertson violated 15 U.S.C. §§ 1692d, 1692d(6), 1692e and 1692e(11) by leaving a message on Plaintiff's voicemail on July 26, 2011, that did not meaningfully disclose his identity and failed to disclose that the message was from a debt collector.

## COUNT II.
### Invasion of Privacy by Intrusion Upon Seclusion

38.     Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

39.     Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

> **Abusive debt collection practices contribute** to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy.**

15 U.S.C. § 1692(a) (emphasis added).

40.     Defendants intentionally interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of the Plaintiff, namely, by repeatedly and unlawfully attempting to collect a debt and thereby invaded Plaintiff's privacy.

41.     Defendants intentionally caused harm to Plaintiff's emotional well being by engaging in highly offensive conduct in the course of collecting this debt thereby invading and intruding upon Plaintiff's right to privacy.

8

42.     Repeatedly calling Plaintiff in an effort to harass her, even after being told that she had lost her job and was unable to pay the debt, is an example of Defendants' conduct which violated Plaintiff's right to privacy.

43.     Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, and or private concerns or affairs.

44.     These intrusions and invasions by Defendants occurred in a way that would be highly offensive to a reasonable person in that position.

45.     As a result of such invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from each and every Defendant.

## PRAYER FOR RELIEF

**THEREFORE**, Plaintiff Jennifer Mikenas respectfully requests that judgment be entered against Defendants for the following:

## COUNT I.
### Violations of the Fair Debt Collection Practices Act

1.     For an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendants;

2.     For an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) against each Defendant;

3.     For an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendants;

## COUNT II.
### Invasion of Privacy by Intrusion Upon Seclusion

4.     For an award of actual damages from each and every Defendant for the

emotional distress suffered as a result of the FDCPA violations and invasions of privacy in an amount to be determined at trial; and

5.      For such other and further relief as may be just and proper.


Respectfully Submitted,

**HEANEY LAW FIRM, LLC**


Date: **9/1/11**                              **s/ Mark L. Heaney**
                                              Mark L. Heaney
                                              Attorney I.D. #0333219
                                              13911 Ridgedale Drive, Suite 110
                                              Minnetonka, Minnesota 55305-1773
                                              Telephone: (952) 933-9655
                                              Facsimile:  (952) 544-1308
                                              Email: mark@heaneylaw.com
                                              ***Attorney for Plaintiff***

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF MINNESOTA        )
                                   ) ss.
COUNTY OF HENNEPIN       )

Plaintiff Jennifer Mikenas, having first been duly sworn and upon oath, deposes and says as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.


**s/ Jennifer Mikenas**
Jennifer Mikenas

Subscribed and sworn to before me
this **1st** day of **September**, 2011.

**s/ Vanessa Larrea Crosley**
Notary Public

11